## AFFIDAVIT IN SUPPORT OF

## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Bruno Ricardo, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.   I am a Special Agent with Homeland Security Investigations and have been since March 2023.  I am currently assigned to the Immigration Crimes Group in San Juan, Puerto Rico. I am an investigative law enforcement officer of the United States who is empowered to conduct investigations of and to make arrests for offenses enumerated in Title 8, 18, 19, 21 and 31, United States Code, Section 2516.  Prior to my appointment as a Homeland Security Investigations Special Agent, I was employed as a United States Customs and Border Protection (CBP) Officer and was assigned as a sworn law enforcement officer to the San Francisco Port of Entry Area of Operations. During my tenure as a CBP Officer, I completed approximately 712 hours of instruction at the FLETC. During my training I received instruction on conducting drug interdictions, identifying fraudulent travel documents, interviewing techniques, identifying signs of deception, basic law enforcement skills, anti-terrorism, immigration law, trade law, and search procedures. As a Homeland Security Investigations Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States.  I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the

United States.  Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

2.      This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all my knowledge about this matter.  I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

3.   Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of *8 U.S.C. 1326(a)– Reentry of removed alien* has been committed by **Ramon MARTINEZ -MARTINEZ.**

### PROBABLE CAUSE

4.      On March 13, 2026, at approximately 1:40 pm, while conducting an immigration enforcement operation Department of Homeland Security, Homeland Security Investigations (HSI) Special Agents (SAs) encountered **Ramon MARTINEZ-MARTINEZ**, herein after referred to as "**MARTINEZ**" on the street near Pier 10, Puerto de Tierra, in San Juan, Puerto Rico.

5.      HSI agents were wearing outer exterior vests clearly displaying their agency markings and insignias identifying themselves to the public when they encountered **MARTINEZ**. **MARTINEZ** was asked for his identification and told agents he didn't have it. When asked about his immigration status within the United States, **MARTINEZ** told agents that he was illegally present in the United States. **MARTINEZ** was detained for suspected

immigration violations and was transported to an HSI office for further processing. Once records checks were done on **MARTINEZ** agents determined that he was currently present in the United States without being admitted or paroled and confirmed he was illegally present. Records checks also revealed that **MARTINEZ** had previously been removed from the United States based on a removal order issued by an immigrations judge. **MARTINEZ** was issued an I-205 WARRANT OF REMOVAL/DEPORTATION and a I-871 REINSTATEMENT OF REMOVAL ORDER.

6.     While at the HSI office **MARTINEZ** was read his Miranda writes and signed a sworn statement questioner agreeing to speak without a lawyer present. During questioning **MARTINEZ** stated that he was born in Miche, Dominican Republic, that the last time he entered the United States was approximately two years ago via yawl near Aguadilla, PR, without inspection and that he had done so 4-5 times in the past. **MARTINEZ** stated that he had no current immigration status. **MARTINEZ** stated he had been previously removed several times from the United States and that he had plead guilty to a criminal immigration crime before a Judge, although he did not remember the specific charge. **MARTINEZ** stated he did not request permission to enter the United States legally. **MARTINEZ** stated that he understood he entered incorrectly and illegally and that he did not care, he will try again to enter upon his next removal and return to the Dominican Republic.

7.     As to **MARTINEZ'** immigration and criminal history, record checks revealed the following:

a.  On March 22, 2000 **MARTINEZ** was apprehended by immigration agents. On October 10, 2000, **MARTINEZ** was granted a Voluntary Departure by the Immigration Judge. **MARTINEZ** voluntary departure was granted until February 7, 2001.  **MARTINEZ** failed to Depart and comply with his Voluntary Departure.

On May 27, 2004, **MARTINEZ** was apprehended by immigration agents.

On June 4, 2004, **MARTINEZ** was removed from the United States to the Dominican Republic.

b. On August 26, 2009 **MARTINEZ** was apprehended by immigration agents and issued a Notice of Intent Decision to Reinstate Prior Order.

On September 11, 2009, **MARTINEZ** was removed from the United States to the Dominican Republic.

c. On September 30, 2019, **MARTINEZ** was apprehended by immigration agents and issued a Notice of Intent Decision to Reinstate Prior Order (I-871).

**MARTINEZ** pleaded guilty before the United States District Court for the District of Puerto Rico to Concealment of facts about reentry (8 United States Code 1325). On February 7, 2020, **MARTINEZ** was sentenced to time served. On March 6, 2023, **MARTINEZ** was removed from the United States to the Dominican Republic.

8. Record checks also revealed that as of March 14, 2026, **MARTINEZ** had not applied requesting permission to enter the United States before any immigration agency Thus, **MARTINEZ** has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

## CONCLUSION

9. Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that **MARTINEZ** reentered the United States after having been removed in violation of 8 U.S.C.

1326(a).

Respectfully submitted,

_____

Bruno Ricardo
Special Agent
Homeland Security Investigations

Sworn pursuant to FRCP 4.1 at  3:28 p.m.  by telephone, this 16 day of March 2026.

Digitally signed by
Hon. Giselle López-
Soler

_____

Hon. Giselle López-Soler
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO